MEMORANDUM **
Rupinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) dismissal of her appeal of an Immigration Judge’s (“IJ”) denial of asylum, withholding of removal and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We grant in part and deny in part the petition for review.
The facts of the case are known to the parties, and we do not repeat them here.
I
Kaur argues that the BIA erred in concluding that she failed to meet her burden of showing her application for asylum was timely filed. We have jurisdiction to review this legal question. See Ramadan v. Gonzales, 479 F.3d 646, 654 (9th Cir.2007). Kaur is eligible for asylum if she “demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of [her] arrival in the United States.” See 8 U.S.C. § 1158(a)(2)(B). Contrary to Kaur’s assertions, the IJ concluded that Kaur failed to show her asylum application was timely filed independent of finding Kaur’s testimony not credible. Kaur presented no evidence, other than her testimony, to meet her burden of showing by clear and convincing evidence that she entered the United States within one year of applying for asylum. We deny Kaur’s petition for review of the BIA’s denial of asylum.[1]
II
Kaur argues that the IJ’s adverse credibility finding is not supported by substantial evidence. We agree. The BIA and IJ relied on a total of four reasons for finding Kaur non-credible.
The BIA’s first reason is the inconsistency between the name of the doctor who Kaur testified provided treatment after her 1996 arrest and the name of the doctor who signed the note detailing her injuries. *500 This inconsistency is minor, as the note otherwise corroborates Kaur’s testimony that she was treated for mental shock the night that she was arrested.
The next reason given by the IJ and BIA is the internal inconsistency in Kaur’s testimony that she was beaten but not “physically harmed” during her 2000 arrest. The record, however, supports Kaur’s explanation that she equated the phrase “physically harmed” with “raped.” She consistently and repeatedly testified that she was beaten during her 2000 arrest but never raped or “physically harmed.”
The IJ also mentioned Kaur’s failure to include the pre-1996 police raids on her asylum declaration. Kaur’s declaration, however, expressly states that her father left India in 1992 and “[a]fter his departure police made many raids on our house.”
The IJ’s last reason was the discrepancy between when Kaur testified to meeting her husband and her statement contained in an asylum officer’s Assessment to Reject. The circumstances of the Assessment to Reject, however, make it unsuitable to support an adverse credibility finding. See Singh v. Gonzales, 403 F.3d 1081, 1087-90 (9th Cir.2005). Substantial evidence does not support the BIA’s adverse credibility finding.
The Government argues that the record contains other inconsistencies that could support an adverse credibility finding. Our review, however, is limited to the agency’s reasoning. See Marcos v. Gonzales, 410 F.3d 1112, 1116 (9th Cir.2005). We remand on an open record for the BIA to reevaluate Kaur’s credibility. See Soto-Olarte v. Holder, 555 F.3d 1089, 1095 (9th Cir.2009) (“[I]f there is a reasonable prospect from the administrative record that there may be additional reasons upon which the IJ or BIA could rely, then it is appropriate to remand in a way that permits the agency to provide those ■ reasons.”).[2]
PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Kaur's untimely asylum application does not affect her withholding of removal or CAT claims.

. We need not reach Kaur's argument that the IJ erred in concluding that she otherwise failed to meet her burden of showing eligibility for withholding or CAT relief. This alternate holding was not addressed by the BIA.